IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

JUAN JOSE QUINTANILLA GONZELEZ,
*Petitioner*,

v.

MARKWAYNE MULLIN, *et al*.,
*Respondents*.

1:26-cv-0236-MSN-IDD

## ORDER

Juan Jose Quintanilla Gonzelez ("Petitioner") has filed a two-count Petition for Writ of Habeas Corpus ("Petition") under 28 U.S.C. § 2241, in which he asserts that he has been illegally detained by the U.S. Department of Homeland Security's ("DHS") Immigration and Customs Enforcement ("ICE"). ECF 1. Specifically, Petitioner alleges that his characterization by DHS as an "applicant for admission" pursuant to 8 U.S.C. § 1225(a), thus subjecting him to mandatory detention under 8 U.S.C. § 1225(b)(2), violates the Immigration and Nationality Act ("INA") (Count I) and his right to due process (Count II).

Petitioner is currently detained at the Farmville Detention Center in Farmville, Virginia. ECF 1 ¶ 4. He has sued Markwayne Mullin, the DHS Secretary; Todd Lyons, ICE's Acting Director; Robert Guadian, ICE's Washington Field Office Director; and Todd Blanche, the Acting Attorney General (collectively "Federal Respondents"). *Id*. at 1. He has also sued Jeffrey Crawford, the warden of the Farmville Detention Center. *Id*.

In response to the Court's Order of May 8, 2026 (ECF 2), Federal Respondents have confirmed that the factual and legal issues presented in the Petition do not differ in any material fashion from those presented in *Servellon Martinez v. Lyons*, 1:25-cv-1792 (E.D. Va. Nov. 7,

2025). ECF 4. Accordingly, the Court incorporates the filings from *Servellon Martinez* into this case and for the reasons that follow, the Court will grant the Petition as to Count II.[1]

## I.  BACKGROUND

Petitioner is a citizen of El Salvador who last entered the United States in 2021, without inspection. ECF 1 ¶ 33. On April 13, 2026, Petitioner was arrested by law enforcement in Loudoun County, Virginia and charged with public intoxication. *Id.* ¶ 34. Local law enforcement subsequently contacted ICE, and ICE agents took Petitioner into immigration custody. *Id.* ICE transferred Petitioner to the Farmville Detention Center where he remains detained. *Id.* at ¶¶ 34, 36. Petitioner alleges that DHS has denied him release on bond while his removal proceedings are pending and that requesting custody redetermination from an Immigration Judge ("IJ") would be futile pursuant to the Board of Immigration Appeals ("BIA")'s decision in *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025).[2] ECF 1 ¶ 40.

## II.  ANALYSIS

The central question posed in the Petition is whether Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2) or instead subject to discretionary detention and entitled to a bond hearing under 8 U.S.C. § 1226(a). Petitioner contends that his detention should be governed by § 1226(a) and that his current detention without bond pursuant to § 1225(b)(2) violates his right to due process. In *Servellon Martinez*, Federal Respondents "recognize[d] that this Court and other jurists of this Court recently rejected Federal Respondents' arguments" to the contrary. ECF 5 at 1, No. 1:25-cv-1792 (E.D. Va. Oct. 23, 2025); *see also, e.g.*, *Quispe-Ardiles v. Noem*, No. 1:25-cv-01382-MSN-WEF, 2025 WL 2783800 (E.D. Va. Sept. 30, 2025); *Luna Quispe v. Crawford*,

---

[1]     Because the Court grants the Petition as to Count II, it need not address Petitioner's other claims.

[2]     Federal Respondents have waived any argument that Petitioner did not exhaust his administrative remedies with respect to his habeas claim.

No. 1:25-cv-1471-AJT-LRV, 2025 WL 2783799 (E.D. Va. Sept. 29, 2025). Nevertheless, they raised these same arguments "to preserve them for appeal." ECF 5 at 1, No. 1:25-cv-1792 (E.D. Va. Oct. 23, 2025).

At bottom, Federal Respondents' argument is that anyone in the United States who has not been admitted is subject to mandatory detention under § 1225(b), and § 1226(a)'s discretionary detention provisions apply only to those who have been given legal status and subsequently placed into removal proceedings. *Id.* at 5–14. They therefore argue that because Petitioner is present in the United States but has not been legally "admitted," he should be considered an applicant for admission under § 1225(a), and subject to mandatory detention under § 1225(b)(2). *Id.*

Federal Respondents' argument reflects DHS's novel interpretation of decades-old immigration detention statutes which, as several district courts throughout the country have found,[3] is contrary to DHS's implementing regulations and published guidance, the decisions of its immigration judges (until very recently), longstanding practice in U.S. immigration law, the Supreme Court's interpretation of the statutory scheme, and traditional tools of statutory construction. *See, e.g.*, *Hasan v. Crawford*, No. 1:25-cv-1408, 2025 WL 2682255, at *8–9 (E.D. VA. Sept. 19, 2025); *Romero v. Hyde*, No. 25-cv-11631, 2025 WL 2403827, at *9 (D. Mass. Aug. 19, 2025). This new approach will also subject "millions more undocumented immigrants to mandatory detention, while simultaneously narrowing § 1226(a) such that it would have [an] extremely limited (if any) application." *Lopez Benitez v. Francis*, No. 25-cv-5937, 2025 WL 2371588, at *8 (S.D.N.Y. Aug. 13, 2025) (footnote omitted). This Court has previously addressed several of these points in *Quispe-Ardiles*, 2025 WL 2783800, and adopts and incorporates that

---

[3]    *See Luna Quispe v. Crawford*, No. 1:25-cv-1471-AJT-LRV, 2025 WL 2783799, at *6 & n.9 (E.D. Va. Sept. 29, 2025) (collecting cases).

reasoning into this Order. *See also, e.g.*, *Flores Pineda v. Simon*, No. 1:25-cv-01616-AJT-WEF, 2025 WL 2980729, at *2 nn.2 & 3 (E.D. Va. Oct. 21, 2025) (providing additional explanation for why § 1225(b)(2) does not apply).

Because Petitioner has been present in the United States for roughly five years, and because § 1226(a) sets forth "the default rule" for detaining and removing noncitizens "already present in the United States," *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018), his detention is governed by § 1226(a). And under § 1226(a) and its implementing regulations, he is entitled to a bond hearing before an IJ in which the IJ must determine whether he poses a danger to the community or a risk of flight. 8 U.S.C. § 1226(a); 8 C.F.R. § 1236.1(d)(1). Unless the IJ makes such a determination, Petitioner's continued detention is unlawful and, for many of the reasons stated in *Quispe-Ardiles*, 2025 WL 2783800, at *8–10, violates his right to due process.

### III.    CONCLUSION

For all the reasons stated above, the Petition (ECF 1) is GRANTED, and it is hereby

ORDERED that Petitioner be immediately released from custody, with all his personal property, pending his bond hearing before an immigration judge. Petitioner must live at a fixed address and provide that address to the Court and Federal Respondents within twenty-four (24) hours of the issuance of this Order. Petitioner must also appear at the bond hearing once Federal Respondents notify him of its date, time, and location; it is further

ORDERED that Federal Respondents must provide Petitioner with a standard bond hearing pursuant to 8 U.S.C. § 1226(a); it is further

ORDERED that Federal Respondents are ENJOINED from denying Petitioner release on bond on the basis that he is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2); it is further

ORDERED that Federal Respondents—along with their officers, agents, servants, employees, attorneys, successors, and assigns, and all persons acting in concert with them—be and are ENJOINED from rearresting Petitioner unless he has committed a new violation of any federal, state, or local law, or has failed to attend any properly noticed immigration or court hearing, or pursuant to 8 U.S.C. § 1231(a)(2).

**IT IS SO ORDERED.**

The Clerk is directed to enter judgment in Petitioner's favor pursuant to Federal Rule of Civil Procedure 58, forward copies of this Order to counsel of record, and close this civil action.

/s/ _____

Michael S. Nachmanoff
United States District Judge

May 12, 2026
Alexandria, Virginia

5